FILED
SUPERIOR COURT
OF GUAM

2019 AUG 15 PM 3: 43

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0429-19. |
| vs. | DECISION AND ORDER |
| BRUCE MATTHEW CRUZ aka Bruce Matthew Unchangco Cruz aka Bruce Matthew Uncangco Cruz, . | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 13, 2019, for hearing on Defendant Bruce Matthew Cruz aka Bruce Matthew Unchangco Cruz aka Bruce Matthew Uncangco Cruz's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Kristine Borja, and Assistant Attorney General Matthew A. Phelps was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on August 13, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On August 5, 2019, Defendant was indicted with the charge of Family Violence (As a Third Degree Felony). (Indictment, Aug. 5, 2019). This charge stems from allegations that

Defendant got into an argument with his girlfriend, Ms. Naomi Santos, which turned physical. (Decl. of Matthew A. Phelps, Magistrate's Compl., Jul. 29, 2019). When Ms. Santos told Defendant she was leaving him, Defendant dragged a small couch across the door to prevent her from leaving. *Id.* When she attempted to jump over the couch to leave the room, Defendant dragged her to the ground and held her there. *Id.* A struggle then ensued on the ground and she struck Defendant until he released her. *Id.* Ms. Santos ran to the car, where her niece was inside the vehicle. *Id.* Defendant followed, stood in the doorway and began choking Ms. Santos. *Id.* The Guam Police Department Officer who responded to the scene, observed fresh abrasions to Ms. Santos' elbow, an abrasion to the left side of her neck extending to her ear, and a slight reddish mark on the right side of her neck. *Id.*

On August 5, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Jul. 29, 2019. The Government did not file a response to the Motion for Bail Redetermination, but indicated on the record at the August 13, 2019 Motion Hearing that the alleged victim did not state any position on Defendant's release, only that she does not want contact.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollar ($3,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Aug. 5, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

   (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

- (i) length of his/her residence on Guam;
- (ii) his/her employment status and history, and financial condition;
- (iii) his/her family ties and relationships;
- (iv) his/her reputation, character and mental and physical condition;
- (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
- (vi) his/her history relating to drug or alcohol abuse;
- (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
- (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
- (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

- (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;
- (b) placement of restrictions on the activities, movements, associations and residence of the person;
- (c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;
- (d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
- (e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-eight year old U.S. citizen and a lifelong resident of Guam with social and familial ties to the island. (Mot. Bail Redetermination at 4, Aug. 5, 2019). Defendant does not have a criminal history and has two minor children. *Id.* Defendant states that the alleged victim does not work and he is the sole provider for her and their children, including his thirteen year old stepson. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to exert self-control. Although Defendant is only charged with Family Violence (As a Third Degree Felony), the Court notes that the allegations include the dragging of furniture across the floor to prevent the victim from leaving, followed by the assault, which continued after the victim fled the house to the car. *See* Decl. of Matthew A. Phelps, Magistrate's Compl., Jul. 29, 20190. Further, the allegation that Defendant choked the victim in the car occurred before the presence of another. *Id.*

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

//

//

# CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for September 12, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to August 13, 2019, this ___**AUG 1 5 2019**___ .

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

___AG & PD/C___

Date: AUG 1 5 2019  Time: 4 pm

*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0429-19
Decision and Order